UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIAM FEARS,<br>    Plaintiff, | Case No. 1:16-cv-316 |
| vs. | Black, J.<br>Bowman, M.J. |
| KIP DUNAGAN,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

      Plaintiff, an inmate at the London Correctional Institution, brings this civil rights action under 42 U.S.C. § 1983 against defendant Kip Dunagan, a Cincinnati police officer. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.

1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

2

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff raises the following claims:

1. A criminal Prosecution was undertaken in the absence of probable cause

2. Negligent misrepresentation

3. Disregard of law and arbitrary usurpation of power on the part of police officer Dunagan

4. Res ipsa loquiter, contributory negligence

5. Violation of the U.S. Constitution, Ohio Constitution, statutes of the United States

6. Violation of Ohio Const. Section 16, Article I, and the 14th Amendment to the U.S. Constit. And Due Process

7. Brady Violation—Fraudulent misrepresentation by police, Federal Evid. Rule 404(B)

8. Violation of 4th Amendment to the U.S. Constitution, unlawful search and seizure, defective affidavit and search warrant. State v. Reese, 19 Ohio App. 2d 202 (1969): State v. Dibble, 2012 Ohio 4630

(Doc. 1, Complaint at PageID 12). Plaintiff bases his claims on his contention that he was arrested and prosecuted without probable cause. He alleges that defendant Dunagan used false information and perjured testimony to obtain a search warrant and to secure plaintiff's arrest and

3

convictions for theft and telecommunications fraud in Hamilton County Court of Common Pleas case number B 1106572.

For relief, plaintiff seeks declaratory relief and monetary damages of seven million dollars.  (*Id.* at PageID 27).

Plaintiff's complaint is subject to dismissal.  As an initial matter, plaintiff's complaint is time-barred.  Plaintiff's civil rights complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims.  *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) ("the settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages") (internal citation and quotation marks omitted).  Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted.  *See Jones v. Bock,* 549 U.S. 199, 215 (2007).  *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the

4

complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury), *aff'd*, 529 F. App'x 558 (6th Cir. 2013).

Here, it is clear from the face of the complaint that plaintiff's allegations challenging the search warrant and his September 5, 2012 conviction are time-barred. Therefore, the complaint is subject to dismissal at the screening stage on statute of limitations grounds.

Second, to the extent that plaintiff seeks to challenge the validity of his convictions and sentence in the Hamilton County Court of Common Pleas, the complaint count is barred from review by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *See also Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White,* 58 F.3d 1081, 1085-86 (6th Cir. 1995); *cf. Edwards v. Balisok,* 520 U.S. 641, 643 (1997).[1]

In *Heck*, the Supreme Court held that a § 1983 civil rights action seeking monetary relief on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486-87. Under *Heck*, when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be

---

[1] It is noted that because plaintiff's convictions have not been invalidated, plaintiff is also unable to argue that his allegations give rise to a claim of malicious prosecution under 42 U.S.C. § 1983. As the Supreme Court pointed out in *Heck*, 512 U.S. at 484, "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *See also Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) ("To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove [that] . . . the criminal proceeding [was] resolved in the plaintiff's favor."); *Fisher v. Secoy*, No. 2:12cv734, 2013 WL 5297216, at *3 (S.D. Ohio Sept. 19, 2013) (quoting same language in *Sykes*, 625 F.3d at 308-09).

5

dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *see also Edwards*, 520 U.S. at 643. Here, it is clear from the face of the complaint and attached exhibits that plaintiff's convictions and sentences still stand and have not been overturned or invalidated in accordance with *Heck*.[2] Therefore, the complaint is subject to dismissal at the screening stage. *Cf. Henry v. Allen,* No. 1:13cv701, 2013 WL 9839229, at *6 (S.D. Ohio Dec. 20, 2013) (Bowman, M.J.) (Report & Recommendation) (recommending screening dismissal of § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence), *adopted*, 2014 WL 5475275 (S.D. Ohio Oct. 29, 2014) (Spiegel, J.).

Finally, the complaint is subject to dismissal on the basis of the *res judicata* doctrine. "The doctrine of *res judicata,* or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in [that] prior action." *Harris v. Ashley,* No. 97-5961, 1998 WL 681219, at *2 (6th Cir. Sept.14, 1998) (per curiam) (quoting *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995), in turn quoting *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). The doctrine applies not only to issues that were actually raised and litigated in the prior action, but also to any issues "which the parties, exercising reasonable diligence, might have brought forward at the time." *Id.* at *3 (internal citation and quotation omitted); *see also Parker v. Gibbons,* 62 F. App'x 95, 96 (6th Cir. 2003) (citing *J.Z.G. Res., Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 213 (6th Cir. 1996)) ("Under claim preclusion, a final judgment on the merits bars any and

---

2 Plaintiff's Hamilton County case was found at www.courtclerk.org/case.asp, under Case No. B 1106572.

all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented."). Consideration of a subsequent complaint is precluded under the *res judicata* doctrine if: (1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; (2) the subsequent action involves the same parties, or their privies, as the first action; (3) the second action raises issues or claims which were either actually litigated or should have been raised and litigated in the prior action; and (4) there is an "identity" between the causes of action to the extent the "claims arose out of the same transaction or series of transactions, or . . . the same core of operative facts." *Browning v. Levy,* 283 F.3d 761, 771-72, 773-74 (6th Cir. 2002) (internal citation and quotation omitted); *see also Rawe v. Liberty Mut. Fire Ins. Co.,* 462 F.3d 521, 528 (6th Cir. 2006).

The undersigned finds that all four elements necessary for the application of the *res judicata* doctrine are present in this case. On May 18, 2015, in Hamilton County Court of Common Pleas case number A 1502677, plaintiff filed a complaint against defendant Dunagan raising the exact same claims.[3] The Hamilton County court granted defendant's motion for judgment on the pleadings on February 2, 2016. This action, like the Hamilton County lawsuit, involves the same defendant and raises the identical claims arising out of the same core set of operative facts. Accordingly, plaintiff's complaint should be dismissed.

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

---

[3] Found at www.courtclerk.org/case.asp, under Case No. A 1502677.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The plaintiff's complaint (Doc. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIAM FEARS,<br>    Plaintiff, | Case No. 1:16-cv-316 |
| vs. | Black, J.<br>Bowman, M.J. |
| KIP DUNAGAN,<br>    Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).